## GREEN v. NATIONAL MANUFACTURE & STORES CORPORATION.

### No. 15020.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

P. M. Milner, of New Orleans, for appellant.

Quintero & Ritter and John J. Kenny, all of New Orleans, for appellee.

LECHE, Judge.

From a judgment awarding plaintiff additional compensation, defendant has appealed.

Plaintiff was injured on or about June 17, 1930, when the truck of his employer, on which he was riding in the course of his employment, overturned. There is no denial of his right to compensation, which was, in fact, paid him at the rate of $9.10 per week from June 17, 1930, to December 24, 1932, a period of 131 weeks. He alleges that as a result of his injuries he has atrophy of the thigh and leg on his left side by reason of which he is permanently, totally disabled from doing work of any reasonable character, and claims that he is entitled to compensation for the full period of 400 weeks, under section 8, subd. 1, par. (b), of the Compensation Statute, Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 357.

The sole question presented for our determination, therefore, is one of fact, namely, was compensation properly discontinued at the end of 131 weeks, or is plaintiff's condition such as to entitle him to further payments?

■ Defendant charges plaintiff with being a malingerer and, in support of this, discloses that a ton of coal was delivered to plaintiff's home, certain persons being assigned to watch and ascertain if plaintiff assisted in carrying the coal into his yard. Defendant's witness Roudez, a negro detective, testified that he watched plaintiff assist another man in carrying the coal into his yard by means of a tub. He states that he watched from an automobile fifty or seventy-five feet away, and identified plaintiff as one of the men carrying in the coal. Roudez's testimony is more or less confirmed by the testimony of Sharp, Dupart, and McClendon, although there is considerable disagreement in certain particulars. Whether the trial judge disbelieved these witnesses, or whether he considered the fact that plaintiff only assisted at intervals in carrying in several tubs of coal insufficient evidence to prove his ability to work, we do not know, but it is certain that he was not impressed by this testimony. Courts are slow to declare one a malingerer, unless it is clearly and conclusively shown, for the reason that a gross injustice might be done to an innocent party. Yelverton v. Louisiana Central Lumber Co., 19 La. App. 21, 138 So. 684.

■■ We have examined the hospital records and carefully considered the testimony of Drs. Levy and Geismar, as well as the agreement of counsel relative to the testimony of Dr. Bradburn. It is very difficult at this distance and from a written record for us to determine whether a man is sick or

well. On a question of this kind more than any other we are constrained to depend largely upon the findings of fact of the trial court, and the error, if any, must be very manifest to warrant a reversal by us. The learned trial judge saw and heard the witnesses and, what is more important, he was able to observe the injured man and to consider his appearance, actions, and demeanor. We find no error in his conclusions of fact sufficient to warrant a reversal by us.

There is, however, a slight error in calculation which must be corrected. Two hundred and sixty-nine weeks at $9.10 per week makes a total of $2,447.90, instead of $2,690.10.

The judgment appealed from, therefore, is hereby amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Burras Green, and against defendant, National Manufacture & Stores Corporation, in the sum of $9.10 per week for 269 weeks, beginning December 24, 1932, with 5 per cent. interest per annum upon each installment from its due date until paid; defendant to pay all costs in both courts.

Amended.