An accident between an automobile belonging to Henry Butler and a truck belonging to the Houma Ice Company, operated by one of its employees, within the scope of his employment, at about eight o'clock on the morning of July 5, 1939, at a point about 16 miles west of the City of Houma on U.S. Highway 90, gave rise to this suit. The defendants are the Houma Ice Company and the individual members thereof and its insurance carrier, Massachusetts Bonding Insurance Company.
Plaintiff alleges that during the morning of July 5, 1939, he was driving west on U.S. Highway 90 at the rate of about 35 or 40 miles per hour; that the driver of defendant company's truck had negligently parked the truck on the left hand side of the road, facing in the same direction in which he was driving; that just before he reached the place where the said truck was parked, and when he was about 20 or 25 feet therefrom, the driver thereof, suddenly and without warning, started said truck from this place and made a right hand turn to go upon the highway in the path of his car which was travelling on the right hand side of the road, and after gaining said right lane of travel, the truck driver suddenly stopped the truck in the path of his car; that just as soon as he observed the moving of the truck, he blew his horn, applied his brakes and did all he could to avoid a collision, whereupon he ran into the rear of the truck, causing the damage complained of. He further avers that there was no obstruction to prevent the truck *Page 287 
driver from seeing his approach; that the truck driver did see or should have seen him and should have awaited the plaintiff's passing before entering the highway; that the truck driver was grossly negligent in entering the said highway without looking in both directions; in not keeping a proper lookout; in not signaling his intention to enter upon the highway, and in subsequently stopping without giving a signal and leaving a clearance of 15 feet on the highway; that but for these acts of negligence there would have been no collision.
The damages claimed are for the loss of the value of his car; for medical expenses, for bus tickets for himself and wife, for mental and physical pain and suffering, and for loss of time; the total sum claimed therefor being $1,107.10.
Defendants admit the accident and that the driver of the ice truck was acting with- ing the scope of his employment but deny that the driver of the truck negligently parked the truck on the south shoulder of the road and then suddenly started it and ran into the highway in front of plaintiff's car, and deny that the truck driver stopped the truck in front of plaintiff's car on the right side of the road. They admit that there were no obstructions on the highway to prevent the driver from seeing the automobile, likewise nothing to prevent plaintiff from seeing the truck. Defendants further deny any negligence on the part of the truck driver, and, in the alternative, in the event it should be found that the truck driver was guilty of any negligence, they allege that the plaintiff was guilty of contributory negligence in driving at an excessive rate of speed; in not keeping a proper lookout ahead; in not having his car under proper control; in not making a proper effort to stop when he saw or should have seen the truck ahead of him; in having defective brakes; and in running into the truck after it had entered on the highway and had travelled on its right side of the road for some 75 to 100 feet in front of plaintiff.
Upon these issues, judgment was rendered in favor of the plaintiff in the sum of $282.10; both defendants have appealed; plaintiff has answered the appeal asking that the award be increased to $820.
The question presented is purely one of fact. The lower court has given lengthy reasons for judgment in which he closely analyzed the testimony of all the witnesses in the case and the issues presented. Unless we can find manifest error, we must affirm the judgment.
In this court it appears from the brief of the defendants that they concede the negligence of the truck driver and rely solely upon their plea of contributory negligence of the plaintiff to bar his recovery. For this statement, we quote from page 4 of defendant's brief as follows: "We have no quarrel with the finding of the district judge that defendant's driver should have seen plaintiff's car, and are willing to concede primary negligence, but we do say, and most strongly, that the same evidence upon which defendant's negligence was founded demonstrates that plaintiff was clearly guilty of contributory negligence."
They contend that the evidence offered by plaintiff does not follow the allegations of his petition as to how the accident happened. In that connection, it may be noted that defendant's evidence does not correspond with their allegations, particularly the allegations charging plaintiff with contributory negligence. The variance between the evidence admitted and the allegations does not appear sufficient to be prejudicial to either side.
We see no useful purpose in giving in detail the testimony of each witness who testified for the plaintiff or for the defendant. The judge in his opinion states that: "A study of the testimony of the several witnesses who have testified concerning the circumstances leading up to and covering the accident, including the existing situation on the ground immediately or soon thereafter, definitely satisfies the court that the accident resulted from the fault and negligence of the driver of the ice truck." He concludes his written opinion by stating: "Having become satisfied of the fault and negligence of the truck driver, it may be added that the court does not find that the plaintiff is chargeable with contributory negligence. It is not established to the satisfaction of the court that the plaintiff was driving recklessly or carelessly or that at an excessive rate of speed, or that he failed to do what he possibly could to avert the accident after he became aware of the threatened collision."
As usual in such cases, there is a conflict in the testimony as given by plaintiff and his witnesses and that of the defendant's witnesses as to how and where the accident *Page 288 
took place. The sum and substance of the plaintiff's evidence is to the effect that plaintiff, accompanied by his wife and two other persons, was driving west on U.S. Highway 90, a paved highway having the width of approximately 18 feet, at about the rate of 30 to 40 miles per hour; that the truck was moving on the south side of the paved highway, presumably having entered from a private driveway on the south, and after having travelled from 75 to 100 feet past this driveway, attempted to cross the paved highway in order to travel on his right hand side; that the plaintiff perceived the truck just as the driver was attempting to traverse to the right hand side of the pavement and ran into the rear thereof before the truck driver had completed his maneuvers. On the other hand, the evidence of the defendant is to the effect that the truck driver, after leaving a private driveway where he had delivered ice, stopped at the pavement of Route No. 90, and then crossed Route No. 90 and had fully brought his truck in the right lane of travel, and had proceeded some 150 to 175 feet, at a rate of speed of 15 to 20 miles per hour, when his truck was struck from behind by plaintiff's car. The judge of the lower court believed the evidence of the plaintiff rather than that of the defendant. In view of the fact that the trial judge, having the witnesses before him, was in a better position than we are to draw a correct conclusion from this conflicting evidence, we cannot say that he erred.
Defendants contend that this case is almost identical with the case of Gaubert v. Ed. E. Hebert Co. Inc., La.App., 174 So. 716, wherein we reversed the judgment of the same district judge who decided the case at bar. In considering this case with the case cited by the defendants, we are of the opinion that the facts in this case differ materially with the facts which we found in the case cited by the defendant. In the Gaubert case we found that Mr. Gaubert had had notice of the truck driver's actions when fully 250 feet from defendant's truck when it entered the paved portion of the highway. In that case we also found that the accident took place beyond 200 feet from where the truck had entered the highway, and that the plaintiff had relied solely upon his right of way. Suffice it to say that the facts in that case do not in any way appear to be the same as the facts before us today, and we agree with the trial judge that the defendants have failed to prove contributory negligence.
With reference to the quantum of damages, plaintiff testified that he paid $215 for his automobile in January, and $77 for repairs thereafter, and claims the original value of his car to be the cost plus the repairs, that is $292. The evidence does not show when these repairs were made, and it was the conclusion of the trial court apparently that these repairs merely returned the automobile to its original value at the time such repairs were made. In other words, the lower court adopts the cost of the automobile of $215 as the original value thereof; and on this original value he takes off $43 for depreciation and $8 for the salvage value, leaving a value of $164 at the time of the accident. We feel that but for the repairs to the automobile a much greater depreciation than $43 would have to be taken, and are of the opinion that the value fixed by the trial judge is reasonable.
The plaintiff claims certain injuries to his knee. We do not find from the evidence that he sustained any dislocation of his knee cap, as claimed by him, but we do find that he suffered a minor injury, which caused him some pain and suffering and for which the judge of the lower court awarded the sum of $75. He also allowed the sum of $11.60 as reimbursement for bus fare for plaintiff and his wife from Houma, Louisiana, to Houston, Texas, and allowed $15 for loss of salary for one week and $16.50 for plaintiff's medical bills. All of these allowances appear to be proper and in accordance with the evidence, and, added to the award for the damage to the automobile, make a total award of $282.10.
After a careful review of this record, we fail to find any manifest error in the findings of the district court, and are of the opinion that the amount awarded is just.
For these reasons assigned, the judgment appealed from is affirmed. *Page 289