65 So.2d 122

**BARLOTTA v. WALKER (two cases).**

No. 39186.

April 27, 1953.

Midlo & Lehmann, New Orleans, for appellant.

Guy J. D'Antonio, New Orleans, for plaintiff-appellee.

PONDER, Justice.

The plaintiff brought two suits against the defendant on April 30, 1947, one to re-

cover on a promissory note executed by the defendant in favor of the plaintiff on August 26, 1946 for the sum of $2,000 with 6% interest from maturity and 10% attorney's fees. The note was made payable sixty days after date but was extended ninety days, making the maturity date January 26, 1947. The other suit is to recover $2,105.86 with 5% interest from December 1, 1946 until paid. In his defense to these suits the defendant admits the indebtedness and reconvenes setting forth a claim of $4,861 for labor and materials furnished for extra work in addition to a contract he had entered into with the plaintiff for the remodeling and repairing of the plaintiff's premises. The cases were consolidated and tried. Separate judgments were rendered in favor of the plaintiff for the amounts sued for and the defendant's reconventional demand was rejected. Defendant has appealed.

These suits grew out of a building contract executed on April 29, 1946, wherein the defendant agreed to remodel and repair plaintiff's premises for the sum of $13,000. All labor and material was to be furnished by the defendant. The plaintiff has paid the defendant the full amount called for in the contract and, in addition thereto, the plaintiff was forced to pay $2,105.86 for labor and materials used in the remodeling and repairing of the premises which the defendant had failed to pay in order to prevent liens being placed on the plaintiff's property. The plaintiff loaned the defendant $2,000 for which the defendant gave plaintiff his promissory note, being the one sued on herein.

Since the defendant admits the indebtedness to the plaintiff, the only question presented for our determination is the claim for additional work set out in the reconventional demand.

The only testimony in the record is that of the plaintiff and the defendant. If the plaintiff's testimony is to be accepted, there was no extra work agreed on or performed whereas the defendant testified that the extra work was performed and the plaintiff accepted it. The lower court evidently believed the plaintiff because the reconventional demand was rejected. Under such circumstances, we see no reason to disturb the judgments. Where the veracity of witnesses is involved the lower court is in a better position to pass upon their testimony because the district judge has the opportunity of observing the demeanor of the witnesses when they are giving their testimony. Under such circumstances, we are in no position to say that the district judge manifestly erred in his findings.

Counsel for the defendant takes exception to a statement made by the plaintiff, which he claims was an admission that extra work was performed by the defendant. A careful reading of plaintiff's testimony in its entirety is to the effect that there were some changes made with regard to the specifications by the defendant but

that it was not regarded as extra work but merely a substitution for the work called for in the specifications.

For the reasons assigned, the judgments in these consolidated cases are affirmed at appellant's cost.

MOISE, J., recused.