McBRIDE, Judge.
This suit arises out of an intersectional collision which occurred on the cold and wet night of February 25, 1952, and which involved a sedan automobile and a taxicab. Mrs. Reva L. Aime, Jr., who was driving the sedan which was owned by her husband, brought this suit to recover for her physical injuries received in the accident, and Hardware Mutuals Casualty Company, Inc., the collision insurer who had paid the damages sustained by the Aime car to its owner and had taken from him a sub-rogation, seeks recovery of the sum of $318, representing the damages to the automobile. The defendants are Warren J. Green, who drove the taxicab, and Nola Cabs, Inc., the insurer of the taxicab.
In the court below, Mrs. Aime recovered judgment for $750, and the other plaintiff recovered judgment for $318, from which both defendants have taken this appeal.
Green, who drove the taxicab, and who was impleaded as a defendant, did not appear at the trial nor could he' be located, and, therefore, his codefendant, Nola Cabs, Inc., could not avail itself of Green’s tes *527 timony. Under these circumstances, of course, the well-known rule that the failure to produce a witness is to be construed against the one who fails to produce him should not be invoked.
Mrs. Aime was driving the sedan in the direction away from Canal Street in the uptown-bound traffic lane of Loyola Avenue, and upon reaching Gravier Street, she turned left with the intention of crossing the neutral ground area of Loyola Avenue and then proceeding in Gravier Street toward the Mississippi River. She declares that when she reached the intersection she made the left turn in accordance with the semaphore light signal at the intersection which showed red with a green arrow pointing in Gravier Street, this being the signal indicating that the left turn could be made. Mrs. Aime went on to say that after negotiating the turn, the signal light showed green for traffic moving on Gravier Street, and that she thereupon proceeded on her way on that street and her automobile was ran into by the taxicab in the downtown-bound lane of Loyola Avenue, the taxicab having been moving in the direction of Canal Street.
Appellants produced a witness named Mrs. Dora Ross, who stated that she was standing in a doorway to the Industries Building on the corner at the time the accident happened. This lady states that she saw that a collision between the two vehicles was imminent and glanced up at the light and saw that the signal was showing red as to Mrs. Aime’s movement and was showing green for the taxicab which was proceeding down Loyola Avenue. Mrs. Ross did not see the actual impact between the vehicles.
A much-argued point is which of the vehicles struck the other, and the best we can get out of the record is that the impact occurred about the front right portion of the sedan and the front left portion of the taxicab. Mrs. Aime thought that the taxicab was speeding, but the fact that both vehicles came to rest within the intersection leads us to believe otherwise.
However, we do believe that Mrs. Aime had the favorable green light when she attempted to cross the downtown-bound roadway and that the driver of the taxicab evidently miscalculated the light change and negligently ran through a red light and came into collision with the Aime sedan. We are led to this belief because two persons who were summoned to the scene by Mrs. Aime after the accident took place testified that upon arriving they spoke with Green, and that Green in effect told them that he was in a hurry to make a call and that when he approached the light it was red, but as he had passed that corner so many times he knew when the light would change and so he proceeded to cross the intersection.
To reverse the judgment, as appellants would have us do, we would have to entirely disregard the testimony of Mrs. Aime and substitute in its place the testimony given by Mrs. Ross. We would also have to eliminate from all consideration the statements of the two witnesses who testified as to the remarks made by Green.
The trial judge evidently thought Mrs. Aime gave the correct version of the accident and perhaps thought that the two witnesses might have explained what caused the collision, and we have no reason to say that the judge erred in accepting the testimony. After all, he was in the superior position to evaluate the credibility of the witnesses and as a question of fact only is involved, the judgment should not be disturbed unless there appears manifest error therein, and we fail to find any.
There is no dispute or contest regarding the amounts allowed the plaintiffs in the judgment.
Therefore, the judgment appealed from will be affirmed.
Affirmed.