FRUGÉ, Judge.
Judgment was rendered in the Trial Court in favor of plaintiff and against the defendant, allowing plaintiff workmen’s compensation at the rate of $35 per week from November 7, 1959 through June 24, I960, and medical expenses. From this judgment, the defendant appealed and plaintiff answered' the appeal seeking attorney fees and penalties.
At the time of the alleged accident, plaintiff, Joseph Franklin Graves, was an employee of the defendant, Sohio Petroleum Company, and was employed as a helper in a seismic crew.
It was stipulated and agreed to by plaintiff and defendant that the plaintiff was examined by Dr. Moss Bannerman, Orthopedic Surgeon in Baton Rouge, Louisiana and, as a result of his examination and the examination of Dr. Rhodes J. Spedale, plaintiff was found to be totally disabled from performing his usual occupation during the period of November 7, 1959 to June 24, 1960 and that he completely recovered and had no residual disability as of June 24, 1960.
There is no question that the employment of plaintiff was hazardous and the only question before the court is whether the plaintiff suffered an accident which caused the stipulated disability during the course and scope of his employment with the defendant, Sohio Petroleum Company.
Plaintiff testified that while, during the course of his employment on October 28, 1959, he attempted to cross a fence and had a reel of cable strapped on his chest weighing approximately 60 pounds. While *582 attempting to cross the said fence, a staple holding the wiring to the fence post pulled out and, as a result thereof, he tried to jump and fell upon his back. He testified that he did not think that he was seriously-hurt and continued to work that day and worked until November 7th, when he quit his job with the defendant and saw Dr. Spedale the next day.
Mr. Charles Davis, plaintiff’s brother-in-law, testified that he was approximately 60 feet away from plaintiff. He testified that he looked - back at plaintiff while at said distance from plaintiff and saw the plaintiff slip and fall in a ditch which was adjacent to the fence. He testified that he walked over to the plaintiff and tried to help him. He further testified that plaintiff stated to him that he was not hurting too much and that he believed that he would be alright. The evidence further reveals that Charles Davis, also quit work on the same day that plaintiff did.
George Gillard, Floyd Stelly, Clet Vincent and Gordie Lee Kight, all co-workers with plaintiff on the seismic crew of defendant, testified that they did not see plaintiff sustain an accident. They all testified that plaintiff never did complain of having received any injuries on the job with the defendant and all testified that plaintiff never complained to any one of them that he had sustained any accident or injuries while in the employ of the defendant. They all testified that plaintiff when quiting work with the defendant stated that he was quitting because it was too cold and wet to work. All of these witnesses testified that it was very cold on November 7th, the date that plaintiff quit working for the defendant and it had been raining and their job necessitated them walking in water. They further all testified that the plaintiff had told them on many occasions that he had previously hurt his back and was going to “get Sohio”; that he was going to “stick Sohio” with a big claim. They were all emphatic in their testimony that they had not seen plaintiff suffer any accident and that plaintiff had never complained of any injuries to them.
Mr. J. W. Burroughs, the foreman on the particular job for the defendant, also testified in this matter, stating that plaintiff was a good employee and did his work well. However, he testified that he did not see plaintiff suffer any accident while in the employ of the defendant nor did plaintiff ever complain to him of having suffered any discomfort, pain or injuries while in the employ of the defendant. He further testified that he had instructed all employees in- the event that they did suffer any accident or injuries to report same to him so that a special accident form could be filled out on the injured employee. He further testified that the weather was real cold and it was very wet where his crew was working in the latter part of October and early November of 1959. He further testified that while working with the plaintiff, he never noticed any expression of pain or discomfort on plaintiff’s part while he worked. He was of the opinion that the weather was some 35 or 40 degrees on November 7th when plaintiff left his job with the defendant and that after plaintiff had left the job he asked plaintiff why he had quit working and that the plaintiff had only shrugged his shoulders and laughed, giving no explanation for his leaving work.
The Trial Judge, in awarding plaintiff compensation, stated:
“The Court: The court entertains a doubt because of some circumstances related in the testimony regarding plaintiff’s claim. However, the testimony of the plaintiff and his witnesses amount to positive testimony as against the negative testimony offered by defendant. There is nothing in the record which actually disputes the plaintiff when he said that he had never been injured before. It is, of course, strange that the fellow employees of the plaintiff would be willing to come to court and testify against the *583 plaintiff unless he had made the statements claimed by them. However, the court finds for the plaintiff and awards compensation from the date agreed upon in the stipulation and for the duration provided for therein, and all costs, including medical expenses, but denies penalties and attorneys’ fees.”
While plaintiff must, by a preponderance of the evidence, establish his claim, we do not believe that the lower court committed manifest error. The lower court is in a better position to pass upon the credibility of witnesses involved as he has the opportunity of observing the demeanor of the witnesses when they are giving their testimony. Barlotta v. Walker, 223 La. 157, 65 So.2d 122.
There is no doubt that the plaintiff had suffered a lumbo-sacral sprain which disabled him from November 7, 1959 to June 24, 1960 as stipulated to between counsel for plaintiff and defendant, which stipulation was a result of medical reports received from two doctors who had examined plaintiff and the positive testimony of Davis and plaintiff to the effect! that he sustained an accident on October 28, 1959 and is sufficient for an award in compensation as allowed by the trial judge. Plaintiff and Davis both testified that immediately after the accident he did not feel too badly at first and this might explain why he did not complain to his co-workers that he had actually injured himself, on October 28, 1959.
Counsel for plaintiff answered the appeal of defendant seeking penalties and attorney fees in this case. We do not believe that the defendant acted arbitrarily or unreasonably in refusing compensation to plaintiff, under the circumstances of this case.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.