HARWELL L. ALLEN, Judge ad hoc.
This is a suit for personal injuries and' damages arising out of an assault and battery committed by defendant upon the plaintiff. There was judgment in the First City Court of New Orleans in favor of plaintiff and awarding her damages in the sum of $403.00. From this judgment, the defendant has appealed.
It appears from the record that plaintiff had been on intimate terms with the defendant for an extended period. Plaintiff said' they had quit seeing each other but both agree that on the night of June 23, 1959, the defendant called plaintiff and asked if he could come to her house. Plaintiff agreed and the altercation, which is the- *473 basis of this suit, followed. There were no witnesses other than the plaintiff and defendant.
Plaintiff testified that she had previously asked defendant to return the key to her door and that he called and said he wanted to come by and make amends; that when he came in she was talking on the telephone with her girl friend and that defendant without provocation started to “black guard and curse” her. She further testified that before she could answer him he hit her in the mouth and knocked her on the floor, then hit her on the head and face with the telephone and ran out.
Plaintiff denied that she said or did anything to provoke the attack. She admitted, however, that after he knocked her down on the floor she grabbed a picture and threw it at the plaintiff.
The defendant testified that when he arrived, plaintiff was not dressed and after they talked a while, she asked him for some money. He said he gave her $5.00 or $6.00 and that she told him that was “nothing”. He then told her she didn’t do anything for it whereupon she started cursing him and hit him first with a picture frame, then with a telephone and that he took the telephone away from her and rapped her on the head with it. Defendant denied provoking the argument between them and said that plaintiff both cursed and threw a picture at him before he hit her.
The trial Court did not assign written reasons for judgment but it is apparent that the Judge not only accepted the version given by the plaintiff but also held that plaintiff had not provoked the difficulty by insults, abuse or threats.
The issue in this case is strictly factual to be determined by the veracity of the witnesses. It is well settled that the trier of fact, having observed the demeanor of the witnesses, is the best judge of their veracity and that an appellate court will not disturb the findings of fact by the trial judge in the absence of manifest error. See Barlotta v. Walker, 223 La. 157, 65 So.2d 122; Second Church of Christ Scientist v. Spencer, 230 La. 432, 88 So.2d 810.
After a careful consideration of all the testimony in this case., we cannot say that there was manifest error in the decision of the trial Judge.
It is well settled in Louisiana that a plaintiff can recover civil damages in an action for assault and battery committed without legal excuse unless he provoked the difficulty by conduct calculated to arouse the resentment or fear of the defendant. Wells v. Perkins, Court of Appeal, First Circuit, 101 So.2d 740.
Doctor Otto W. Duncan, who treated plaintiff, testified that she had a cut of three inches on her scalp, her face was badly swollen and contused, with two black eyes, both of which were red and blood-shot, her mouth was swollen, her lips were lacerated and she was bleeding profusely when she arrived in his office. He put in 3 or 4 sutures in her scalp wound and treated her from June 23 until August 14, 1959, a total of 15 visits, for which his bill was $103.00. Plaintiff was off from work for a period of 2 weeks and suffered pain from her facial wounds for a period of several weeks.
From the testimony of Dr. Duncan it is clear that plaintiff suffered severe cuts and bruises which required a total of 15 visits for treatment over a period of more than six weeks. She incurred medical expenses in the amount of $103.00 and was apparently awarded $300.00 for loss of wages, pain and suffering. This award is amply justified by the evidence and is not excessive.
For the reasons assigned the judgment appealed from is affirmed, costs to be paid by Appellant.
Affirmed.