HERGET, Judge.
Plaintiff, Alice Moore, allegedly suffered severe personal injuries for which she instituted this suit when, while crossing from the southerly to the northerly side of Louisiana Highway 16, she was struck by a vehicle being driven by Amos Hills, insured by American Insurance Company of Newark, New Jersey, Defendants.
The Trial Court in a well considered written opinion rejected the demands of Plaintiff. Whereupon, Plaintiff perfected this appeal.
The evidence reflects prior to the alleged accident that Plaintiff was walking in an easterly direction along Louisiana Highway 16 at 11 o’clock a. m. on the morning of October 20, 1959. On her acceptance of a ride tendered by a friend, Leon East, a passenger in a vehicle of International Paper Company being driven by Benny C. Wagner, she was transported some 300 yards easterly and discharged on the south side of said highway opposite the driveway of Mr. Sam Morgan. In stopping at Plaintiff’s destination, Mr. Wagner was unable to get his vehicle completely off of the highway because of a ditch paralleling the road on the south. However, he did bring his vehicle to a stop at the farthermost point on the south side of the road compatible with safety. Upon egressing from the truck, Plaintiff was unable to remember whether she had gone around the rear thereof or had crossed in front of the stopped Wagner truck. From the testimony of the other witnesses, it is apparent upon discharging Plaintiff, Wagner proceeded on easterly in his truck and Plaintiff immediately attempted to cross the road at the rear of the moving truck. Plaintiff was unable to state positively she had looked both ways on the highway for traffic prior to crossing, though she did relate she had not observed the approaching vehicle of Defendant traveling in a westerly direction. Mr. Wagner and his passenger, Leon East, testified they passed the oncoming Hills vehicle approximately half way between the Morgan driveway and a bridge east of the driveway which, by measurement, was shown to be 195 feet from the middle of the said driveway to the west end of the bridge. Therefore the point at which the vehicles passed was some 97j/¿ feet east of the point of contact of Hills’ vehicle with Plaintiff. These witnesses further related upon reaching the bridge they observed the Hills car had struck Plaintiff and returned to the scene to lend what assistance they could and then departed.
The Trial Court was impressed with the testimony of two obviously disinterested witnesses, Clarence and Mathew Williams, who related they had been traveling in an easterly direction following the Wagner truck; they observed Wagner discharge Plaintiff from his vehicle and pull off, at which time Plaintiff proceeded precipitously to cross from the south side of the road to the north *348 side; the Wagner and Hills vehicles passed each other a short distance from the point of impact; the Defendant was traveling at a slow rate of speed and apparently, upon discerning the presence of Plaintiff in his path, immediately applied the brakes and veered his car to the right, despite which maneuver the front of the Hills car struck Plaintiff; Plaintiff was not run over by the Hills car, the forward progress of which had been stopped by Hills, but her body rolled across the hood of the Hills car and landed on the north portion of the highway opposite the driveway into the Morgan property. Defendant Hills and the other occupants of his vehicle corroborated the testimony of these witnesses.
In addition to the testimony of the witnesses referred to, Defendant offered the testimony of Mr. Alvin Doyle who was qualified as an expert automotive consultant. Mr. Doyle prepared a map or plat of the highway and surrounding area where this accident occurred as well as took pictures depicting the scene. He measured the skid marks pointed out to him as having been made by the Hills vehicle and found same extended 24 feet on the blacktop and 14 feet on the gravel, totaling 38 feet, for the right front wheel. From such marks it. was his estimate the speed of Defendant’s car when the brakes were applied was some 20 to 25 miles an hour. Further, from the skid marks Defendant’s car had been traveling in his right lane of traffic and had pulled over to the right shoulder. He determined Defendant would have traveled 30 feet in his estimated reaction time of three-quarters of a second and added this 30 feet to the 38 feet of skid marks. Therefore, he concluded Defendant traveled 68 feet from his first observation of Plaintiff.
We are of the opinion Plaintiff was guilty of negligence in failing to observe the Hills car and in attempting to cross the highway at a time such crossing could not be made in safety, the oncoming Hills vehicle being in such close proximity to her.
Accordingly, conceding Defendant Hills to have been negligent, Plaintiff was guilty of contributory negligence barring her right to recover unless Defendant is held to have failed to exercise additional care imposed upon him by the application of the doctrine of last clear chance.
In general, a motorist on the highways of Louisiana is not the insurer of others who may be injured by a vehicle driven thereon by the motorist, but is only required to use ordinary and reasonable care to avoid causing such injuries. A motorist is not required to anticipate a pedestrian will precipitously emerge from behind a stopped vehicle and cross the roadway in his path. It is obvious when Plaintiff egressed from the Wagner truck and it immediately moved easterly, Plaintiff’s presence on the highway was obscured from Defendant’s view. As the two vehicles approached each other such obscuration continued until Plaintiff walked' northerly traversing a portion of the road and Wagner’s truck had proceeded easterly to such a distance as no longer to impede Defendant’s opportunity to perceive the presence of Plaintiff. It is at this time and point Defendant would be called upon to observe Plaintiff and exercise ordinary and reasonable precaution to avoid striking her. From the evidence, this point was at such close proximity to Plaintiff, in our opinion, Defendant Hills by immediately applying the brakes and veering his car to the. right of the roadway resorted to ordinary and reasonable precaution to avoid striking Plaintiff. Defendant was guilty of no negligence and the last clear chance doctrine is inapplicable.
Insofar as the application of the doctrine of last clear chance to motorists injuring pedestrians on the highways, the law in Louisiana apparently is settled from the decisions of Rottman v. Beverly, 183 La. 947, 165 So. 153 wherein the Court concluded the motorist upon actually observing plaintiff in a perilous position in time to avoid injuring the pedestrian and failing to do so *349 was liable, which doctrine was extended in the case of Jackson v. Cook, 189 La. 860, 181 So. 195 to make the motorist liable for an injury caused a negligent pedestrian resulting from the failure to see, at a time the motorist was afforded an opportunity by the exercise of reasonable precaution to avoid injuring the pedestrian, that which he should have seen — the plaintiff in a perilous position.
To make applicable the doctrine of last clear chance, the essential elements are: (1) plaintiff has placed himself in a position of peril of which he is unaware or from which he is unable to extricate himself; (2) defendant is in a position where he actually discovered or should have discovered plaintiff’s peril; and (3) upon 'such discovery or upon being in a position to have made such discovery, defendant could have by the exercise of reasonable care avoided the accident.
 In giving application to the doctrine of last clear chance, the Court should not apply the rule unless convinced the motorist, using ordinary and reasonable precaution, could have avoided injuring another. The question to be resolved does not depend upon the determination that under the exercise of extraordinary caution and resort to unusual maneuver the injury could have been avoided, but the motorist must have been afforded only a reasonable opportunity to avoid the accident and, to substantiate such conclusion, the evidence tendered must be sufficient to convince the Court by the exercise of such reasonable precautions the injury could have been avoided.
We are in accord with the views expressed in the case of Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4 at page 8, wherein the Supreme Court concluded the doctrine of last clear chance inapplicable to the factual situation therein involved, and observed:
“ * * * It involves as we have said various calculations of the rate of speed, of the time it takes to react to an emergency and the application of brakes as well as the distance in which a truck, like the one in this case, can be brought to a stop, travelling at a given speed. As a result of those calculations, especially those of the rate of speed of the respective vehicles which are based principally on assumptions, the difference is one of seconds in the matter of time, and of a few feet only in the matter of distance; too little in our opinion to justify the application of the doctrine of last clear chance and discovered peril. ‘The doctrine of the last clear chance is one involving nice distinctions, often of a technical nature, and courts should be wary in extending its application.’ Hutcheson v. Misenheimer, 169 Va. 511, 194 S.E. 665, 667.”
The judgment is affirmed.