YARRUT, Judge.
Plaintiffs-Appellees seek recovery respectively for personal injuries sustained by Saucier and by North1 British and Mercantile Insurance Company, his subrogated insurer, for property damage resulting from an intersectional collision in New Orleans. Reference to plaintiff in the singular will be to Saucier.
Defendants are the taxicab owner (Jenkins), her driver (Brousseau), and the taxicab insurer, Nola Cabs, Inc., under Municipal Ord. No. 1004, M.C.S., § 12:157, of New Orleans. Reference to Defendant in the singular will be to the taxicab driver (Brousseau).
The intersection is controlled by electric green-amber-red traffic signals on the northwest corner. Plaintiff and Defendant each charge the other with1 crossing on the red light; hence, the sole issue as to liability is factual, to-wit, which of the two drivers crossed on the red light.
The trial court rendered judgment in favor of Plaintiffs, the Insurance Company for $945.00 and Saucier for $2915.62, without written reasons. All Defendants have appealed.
At 6:20 A.M. on October 20, 1960 Plaintiff was driving his panel-body truck west on Common Street, and Defendant his taxicab north on Camp Street, both streets being designated for one-way traffic. Plaintiff and Defendant, the drivers of the respective vehicles, give conflicting versions of the color of the traffic light. Plaintiff testified that, when he was about 60 feet from the intersection, travelling at a speed of 18-20 m. p. h., the light was green so he continued across the intersection; and when he was in the middle he saw a “blur” from his left and simultaneously was hit on the left side, two feet behind the seat, by Defendant’s taxicab. His truck was overturned and landed against the traffic light at the northwest corner of the intersection.
Defendant’s version is that he had a passenger in his cab in the front seat as he *548 proceeded north on Camp Street, in the second lane from the right at about 18-20 m. p. h.; that his passenger first noticed Plaintiff’s vehicle and exclaimed, “Look out, that fellow is going to run the lightthat, when his passenger so exclaimed, he was almost at the intersection; that he first saw Plaintiff’s truck at the corner when he was far enough in the intersection to see down to Canal Street one block away; that, when he saw the truck coming, he made an attempt to turn left and avoid contact by immediately applying his brakes; that the light was green when he first entered the intersection, and he had seen it change to green when 30 feet away; that the truck was in the middle of the intersection at the point of contact; that upon making contact, his vehicle stopped.
The patrolman who investigated the accident testified he found the Plaintiff’s truck overturned by the traffic light; that the taxicab was stopped in the middle of the intersection facing west, having spun around; that there was no evidence the taxicab swerved to avoid collision; that skid marks from the taxicab measured about 32 feet, 12}/¿ feet into the intersection and 18 feet before the intersection.
Mr. DiMartinO', a business acquaintance of Plaintiff, testified he was stopped behind the third vehicle in the second lane from the right on Camp Street, approaching Common, about 110 feet from the intersection; that he heard the screech of brakes, “saw a truck going by in the air,” and heard a crash ahead of him; that, when traffic moved on a minute later he saw Plaintiff climbing out of his truck, which lay resting against the traffic signal. When he went to assist Plaintiff, the latter was quite bloody and “his ear seemed to have just a thread holding it.”
Napoleon Dixon (a merchant seaman) on his way to work, the passenger in Defendant’s taxicab, testified he saw Plaintiff “running the light” and cried out to the cab driver; that the driver (Brousseau) applied his brakes and the cab skidded, its right front hitting the truck, which turned over; that the taxicab was just starting to pick up speed to cross the intersection after slowing down “to catch that light,” which he described as “green in our face;” that they were about 20-30 feet from the intersection when the light had changed.
In Municipal Traffic Court Dixon testified that the light turned from caution to green, explaining he was not familiar with driving, and did not know the light changed from caution to red, not caution to green, but he did know “the light was green in our face. I do know I saw this because I told the driver.” Dixon admitted his driver’s license had expired, and he had not driven in several years. He was unable to explain where the traffic light was located but “figured” it was hanging in the middle of the street; while all the other witnesses agreed the traffic light was on the northwest corner of the intersection.
Plaintiff sustained a laceration of the right forehead; an almost traumatic amputation of the right ear; injury to the lumbo-sacral area of the back; and general contusions and abrasions about the body. He underwent plastic surgery on the ear. At the date of trial he still had scars from the injuries received. Plaintiff did not answer the appeal for an increase in his award for personal injuries.
By awarding judgment for Plaintiff, the trial judge necessarily had to find that the light was green for Plaintiff and that the taxicab ran the red light. This conclusion is substantiated by Plaintiff’s witnesses. Dixon’s testimony for Defendants is unreliable. Plaintiffs have proved their case by a preponderance of the evidence; and the finding of fact by the trial court will not be reversed unless manifestly erroneous. Aime v. Nola Cabs, Inc., La.App., 75 So.2d 526; Rogillio v. Parent, La.App., 75 So.2d 410; Butler v. Houma Ice Co., La.App., 2 So.2d 286.
It appears from the evidence that the taxicab driver attempted to anticipate when *549 the light would turn from red to green, and in his miscalculation, entered the intersection prematurely on the red light and is solely responsible for the collision.
For the above and foregoing reasons, the judgment of the District Court is affirmed; Defendants to pay all costs in both courts.
Affirmed.