YARRUT, Judge.
This is a suit to recover damages for personal injuries sustained by Plaintiff, with an intervention by the compensation insurer of Plaintiff’s employer to recover compensation and medical expenses paid to and for Plaintiff as a result of his injuries. From an adverse judgment in favor of Defendant both Plaintiff and Intervenor have taken this appeal. Intervenor adopted Plaintiff’s allegations.
The accident happened in midafternoon September 21, 1960, on the Greater New Orleans-Mississippi River Bridge. Plaintiff was performing his regular duties as a police officer, employed by the Bridge Authority, directing traffic on the bridge near the toll plaza on the Algiers side, dressed in his official uniform. At that time an automobile, driven by Defendant, while trav-elling on the bridge from the Algiers side in the direction of New Orleans, struck Plaintiff, causing him serious bodily injuries.
Plaintiff charges Defendant with multiple acts of negligence, to-wit; failing to maintain a lookout; failing to see what he should have seen; travelling at an excessive rate of speed; failing to maintain proper control; failing to obey signals under traffic controlled by a police traffic officer; failing to obey traffic warnings and signs present at the time; and failing to exercise due care.
Defendant denied the allegations of Plaintiff’s petition, alleging the accident was due solely to the negligence of Plaintiff in that, after signalling him to pass to the right around him, Plaintiff then “spun” around and ran into Defendant’s path, and when Defendant swerved his automobile to the left to avoid Plaintiff, Plaintiff again “spun” around and started to cross Defendant’s path when he was struck. In the alternative, Defendant pleads that, if he is held guilty of negligence which caused injury to Plaintiff, that Plaintiff was con-tributorily negligent.
The testimony heard by the District Judge was substantially as follows:
On the day of the accident, traffic moving toward New Orleans was forced to move into the left-hand, or inner, lane, for a short distance because of a construction barricade on the bridge plaza. This restricted lane was bounded by the barricade on the right, and rubber tubings or cones on the left. At the end of the barricade, the entire right side of the bridge was open for traffic. To the left there was a second barricade down the center line.
*625 Plaintiff testified he was directing traffic about 100 yards past this second barricade toward New Orleans; and was “funneling” traffic into the left, or inner, lane, due to a truck, broken down, blocking the right lane; that he motioned Defendant to go into the left lane but, instead, Defendant veered to the right toward him; whereupon Plaintiff ran up the bridge in an attempt to avoid being hit, but was struck by Defendant’s car.
Defendant denied the accident took place 100 yards beyond the second barricade, but testified it was immediately past the first barricade; that, as he was driving through the narrow lane formed by the first barricade and the rubber cones, Plaintiff stepped out from behind the first barricade as if to cross the lane and, evidently realizing how close Defendant’s car was to him, motioned for Defendant to go to the right; that, since the rubber cones and second barricade down the center line were to his (Defendant’s) left, the only direction he could turn was to the right. Defendant testified he was obeying Plaintiff’s signal, when Plaintiff suddenly ran to the right, in the path of his car. Defendant denied Plaintiff’s testimony that, at the time of the accident or afterward, a truck breakdown on the bridge necessitated Plaintiff’s directing traffic into the left, or inner, lane.
Although both Plaintiff and Defendant testified there was other traffic on the bridge at the time, they alone testified. No police report or testimony is in the record to substantiate Plaintiff’s testimony, which stands alone, that a truck breakdown necessitated his “funnelling” traffic into the left, or inner, lane.
In the absence of manifest error appellate courts will not upset a trial judge’s findings of fact. United Public Insurance Company v. Levy, La.App., 154 So.2d 80.
Since the trial judge gave no written reasons, we must assume that he rendered judgment in favor of Defendant, dismissing Plaintiff’s suit for either one of the following reasons: (1) that Plaintiff did not sustain the burden of proving Defendant’s negligence; or (2), that, if Defendant were guilty of any negligence, Plaintiff was guilty of contributory negligence; or (3), that Plaintiff created the emergency which Defendant could not avoid under the “last clear chance” doctrine. Moore v. American Insurance Co. of Newark, N. J., La.App., 150 So.2d 346; Accardo v. Grain Dealers Mutual Insurance Co., La.App., 151 So.2d 116, writ refused 244 La. 402, 152 So.2d 213.
In any of the alternative conclusions of the trial judge, we cannot hold he committed manifest error in his judgment for Defendant.
For the reasons herein assigned, the judgment appealed from is affirmed; Plaintiff and Intervenor to pay costs in both courts.
Affirmed.