Hardy, Judge.
This is a compensation suit in which plaintiff claims total permanent disability resulting from an injury sustained in the course of his employment. After trial there was judgment in favor of plaintiff awarding compensation at the rate of $30 per week for a period not exceeding 400 weeks, from which the defendants, the employer and his insurer, prosecute this appeal.
The issue involved in the instant case is purely factual, and concerns a resolution as to plaintiff’s ability to return to the duties of his former occupation as of the date of trial. To be somewhat more specific, the question involves a determination as to whether plaintiff is totally and permanently disabled from the performance of work of *235 the same or a similar nature in which he was engaged prior to the injury, as he contends or whether he suffered only a partial disability which would entitle him to an award limited to a corresponding percentage of his weekly earnings.
There is no dispute as to the occurrence of the accident. While engaged in cutting timber with a power saw a falling tree struck plaintiff, in the area of his left shoulder, causing a fracture of the clavicle which has left some residual disability.
Dr. Lloyd H. Murdock, a general practitioner of Zwolle, treated the plaintiff immediately following the occurrence of the accident on June 7, 1956, and testified on trial that, in his opinion, plaintiff suffered a 50% disability in the use of his left arm, which would totally disable him from the efficient operation of a power saw in connection with timber cutting operations. The same opinion was given by Dr. N. U. Booker, a general practitioner who made an examination^ of plaintiff on December 17, 1957, except that this witness estimated the plaintiff’s disability at 40% of the use of the left arm.
On behalf of defendants, Drs. Willis J. Taylor and Ford J. Macpherson of Shreveport, specialists in orthopedic surgery, testified by deposition. Dr. Taylor made physical examinations and x-rays’ of plaintiff on five different occasions between November 26, 1956, and August 7, 1957, and Dr. Mac-pherson made three separate examinations of plaintiff in September and November of 1956 and October, 1957. On the basis of these examinations, Dr. Taylor testified that, in his opinion plaintiff suffered from disability of 17.5% of the upper left extremity, and Dr. Macpherson testified that, in his opinion, plaintiff suffered from a 25% temporary total disability of the left upper extremity. By reason of these percentage disability evaluations counsel for defendant urges that the award in favor of plaintiff should be reduced to a judgment based upon an average of the two, that is, a 21'% disability of the left arm. In our opinion, the issue of disability cannot be correctly disposed on the basis contended, for the reasons which we now proceed to set forth.
The record establishes the fact that in his employment as a timber and log cutter plaintiff was accustomed to use a power saw weighing approximately 28 pounds. In the course of cutting operations the saw is grasped with the left hand and its weight supported by the left arm, while the actual operation of the saw is controlled by the right hand in the use of the engaging switch. It was established that in the course of ordinary operations of cutting it is at times necessary for the operator to raise the saw to a point at and above the shoulder. We think the expert testimony in the instant case conclusively establishes the fact that at the time of trial plaintiff was not capable of this operation. The disability of plaintiff’s left arm was primarily evidenced in connection with the abduction and rotation thereof, and the limitation of these movements is the basis for the estimates of disability made by the expert witnesses.
We do not think it important, in the instant case, whether plaintiff’s accustomed employment be classified as common or skilled labor. The controlling factor is that in the performance of his duties plaintiff would be required at times to perform an operation of which he is not physically capable by reason of the residual disability of his left arm. Under this conclusion it inescapably follows that for all practical purposes plaintiff must be considered as suffering from a total disability.
It follows that the judgment is correct and, accordingly, it is affirmed at appellant’s cost.