GLADNEY, Judge,
The plaintiff, Tom Ray, instituted this action for the recovery of workmen’s compensation of $35.00 per week not to exceed four hundred weeks, and for medical expenses, as a result of an injury sustained on June 8, 1960, while the employee was performing the duties of a tractor driver in the employ of the defendant. The trial court rendered judgment favorable to plaintiff after a trial on the merits, wherein the primary issue was the extent and duration of the disability, and whether or not plaintiff is totally and permanently disabled. The defendant, City of Monroe has appealed.
The record discloses no serious question as to the occurrence of the accident within the course and scope of plaintiff’s employment, nor as to the wages paid. In fact, compensation was paid through the week ending August 14, 1961, and also payment was made of certain medical expenses.
Plaintiff received injuries to his back when his trailer caught fire and, as he attempted to dismount, one of his feet became entangled in the hydraulic hose attached to the tractor and caused him to fall to the ground, causing him to strike the ground on his hip and back. Plaintiff was bruised and suffered shock, but notwithstanding this, he performed some of the duties of his employment during the remainder of the day, Friday, and on the following day. On Monday, June 11th, he reported to his family physician, Dr. George Wright, Jr., complaining of severe pain in his back. He was immediately hospitalized and was placed under treatment for a period of twenty-eight days before being released. During this time he was examined by Dr. Frank X. Cline, Jr., an orthopedist, who concluded Ray was suffering from an acute back sprain with no bone damage. The patient was then fitted with a Camp type lumbosacral support and continued to receive medication and therapy.
Ray testified that his back pain was persistent and became so acute he consulted Dr. Alfons Altenberg, an orthopedic surgeon, who diagnosed his complaint as “back pain, type undetermined, and a nervous tension state.” The doctor, however, suspected a herniated disc and caused a myelo-gram to be made by Dr. F. F. Millsaps, Jr. Both doctors reported a questionable disc lesion at the fourth lumbar level and recommended to the patient that a laminectomy be performed. This was consented to and Dr. Altenberg operated on December 6, 1960, removing a protruded disc at the fourth lumbar level and also the disc at the fifth lumbar level, which was found to be degenerated and mildly protruding. Ray was released from the hospital on December 16, 1960, following which he received postoperative medication and was advised to take graduated exercises. Dr. Altenberg expressed the opinion that the operation was successful from a surgical point of view. He continued to examine and advise with plaintiff from time to time after his release from the hospital.
Upon an examination made on May 9, 1961, the doctor noted muscle spasm and back motion was found to be normal, but plaintiff was extremely nervous. Ray was referred to a physiotherapist for certain types of exercise and heat for the purpose of improving the back condition. On July 10th the patient still complained of pain, numbness and nervousness. In his evaluation of Ray’s condition on this date, Dr. Altenberg testified there was no true physical basis for the continued complaints and he was of the opinion that Ray could return to work with a ten per cent partial permanent disability related to the body as a whole. He further stated that in the absence of more specific findings: “I would think that he probably could go back to that kind of (tractor) work”, and also: “It would not be a perfect or normal situation, to be sure, yet I think in the sum total and in essence, he would be able to do ninety per cent of it.” Subsequent to the examination of July 10, 1961, Dr. Altenberg again examined *471 plaintiff on November 28, 1961, at which time his findings were substantially the same as on July 10th.
Dr. Roy Ledbetter, Jr., an orthopedist, examined plaintiff on March 16, 1961, October 9, 1961 and January 16, 1962. It was his opinion as of the date of trial, that plaintiff was unable to continue his employment as a tractor driver because of pain and discomfort and that Ray was totally and permanently disabled. In addition to the foregoing medical evidence, the employee added his testimony to the effect that by reason of back pain, nervousness and discomfort, he was unable to resume performance of the duties required of him as a tractor driver.
After a consideration of the evidence as to plaintiff’s disability, the judge a quo concluded that the employee was not able to return to his occupation with the defendant, and held Ray to be totally and permanently disabled.
This court in Hunter v. Continental Casualty Company et al., La.App., 126 So.2d 394, 397 (2d Cir. 1960), enunciated the following well established jurisprudential principles prescribing conditions under which an employee may be required to resume his occupational duties, or be denied compensation :
“Nor may plaintiff’s complaints of pain while performing lighter work be entirely discounted where the medical experts found, as they did here, objective symptoms for such complaints. It is well recognized in the jurisprudence of this State that the law does not expect, contemplate, or require that an employee, in order to earn a living, work in pain. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1, and the authorities cited therein.
■“The nature and character of plaintiff’s injuries and disability to perform heavy manual labor, no doubt, seriously and substantially handicap him in competing with able-bodied workers in the flexible market for common labor. And, it cannot be said that plaintiff, in his present physical condition, is able to perform the duties required of heavy manual labor. Where the physical injury has an appreciable effect on an employee’s capacity to perform the duties formerly required of him, or where substantial pain results/the medical estimate of a percentage disability will be disregarded and compensation for total disability awarded, particularly where the injury is one which basically affects the motions of the entire body as in the case of back injuries. Strother v. Standard Acc. Ins. Co., La. App. 1st Cir., 1953, 63 So.2d 484; Watson v. Floyd Electric Company, La. App. 1st Cir., 1954, 75 So.2d 361; Jones v. Brewton, La.App. 2d Cir., 1960, 121 So.2d 600.
“Total and permanent disability, under the compensation law, is not necessarily measured by the percentage of an injury-producing disability; a small percentage of disability of the body as a whole may result in a laborer’s total incapacity to discharge his former duties or work of a similar character. Malone’s Louisiana Workmen’s Compensation, § 278, 1960 Supp., p. 97.”
It seems to us that the foregoing rulings are of significant application in the present case and particularly in view of the guarded opinion of Dr. Altenberg as to whether or not plaintiff could resume the duties required of a tractor driver without experiencing substantial pain and discomfort. In our opinion plaintiff is entitled to receive compensation as awarded in the decree.
Accordingly, the judgment from which appealed is affirmed.