HAWTHORNE, Justice.
 

 Plaintiff, a common laborer, injured his back in the course and scope of his employment. Alleging himself to be totally and permanently disabled as a result of this injury, he instituted suit to recover compensation at the maximum rate of $35.00 per week for a period not to exceed 400 weeks. After trial on the merits the district court found that plaintiff was entitled to compensation not for permanent and total disability, but for the loss of a physical function under R.S. 23:1221(4) (p), and awarded him $25.00 per week for a period of one hundred weeks less a credit for compensation previously paid. From this judgment plaintiff appealed to the Court of Appeal, Fourth Circuit. That court affirmed the judgment awarding plaintiff compensation for the loss of a physical func-' tion.
 
 [1]
 
 See 150 So.2d 865.
 

 Plaintiff applied for and was granted writs by this court, 244 La. 404, 152 So.2d 214. It is his contention that under the facts of this case he is entitled to be adjudged totally and permanently disabled and to be paid workmen’s compensation accordingly,
 
 [2]
 
 and this is the sole question which this case presents.
 

 There seems to be no dispute as to the law applicable to the case. It is well settled that even though a common laborer, is not completely incapacitated, he may nevertheless be considered as totally and permanently disabled ’ within the meaning of the compensation statute if the injury has substantially decreased his ability to compete with ablebodied workers in the flexible general labor market. Olivier v. Liberty Mut. Ins. Co., 241 La. 745, 131 So.2d 50; Blanchard v. Pittsburgh-Des Moines Steel Co., La.App., 59 So.2d 384; Lathers v. Schuylkill Products Co., Inc., La.App., 111 So.2d 530; Malone, Louisiana Workmen’s Compensation Law and Practice, sec. 275, p. 334. The law does not expect, contem
 
 *520
 
 plate, or require that an employee should work in pain in order to- earn a living, and where substantial pain results from an injury, the medical estimate of percentage disability will be disregarded and compensation for total disability will be awarded. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1; Hunter v. Continental Casualty Co., La.App., 126 So.2d 394.
 

 The facts of this case are fully stated in the Court of Appeal’s opinion, and we shall summarize them only briefly. As a result of the accident on January 18, 1961, plaintiff suffered a ruptured intervertebral disc. For this injury he was treated by two physicians and was under their care for approximately seven months, during which they saw and examined him on numerous occasions. The ruptured disc was surgically removed on February 27, 1961, by one of these doctors, but plaintiff remained under their care and treatment until discharged by one in September, 1961, and by the other in August, 1961.
 

 To prove his case plaintiff relies on his own testimony and on that of a doctor who examined him only once and without benefit of X-rays, evidently for the purpose of this litigation. The testimony of the two treating physicians, who were called by the defendant, and that of the doctor called by plaintiff. are in direct conflict as to plaintiff’s capacity to perform heavy manual labor. Plaintiff’s doctor from his examination concluded that plaintiff .was incapacitated to perform heavy manual labor, and that to be able to return to such labor- he would have to undergo a spinal fusion.
 

 On the other hand one of the treating physicians testified that plaintiff had entirely recovered from the effects both of the accident and of the operation, and could do all the work of a common laborer, that he did not consider plaintiff had a percentage residual disability, and that a spinal fusion was not indicated.
 

 The other treating physician testified that at the time he discharged plaintiff in September, 1961, there was recovery from the effects both of the accident and of the operation, and that plaintiff could have returned to work; that plaintiff made no complaints of pain in either leg; that plaintiff’s injury would not affect his ability to compete with other men in doing the work of a common laborer. The doctor, however, was of the opinion that plaintiff had a 10 per cent permanent residual disability of the body as a whole, but that this disability of the body as a whole would not appreciably affect plaintiff’s ability to .work, and that plaintiff could lift heavy objects without pain. The medical testimony is not perfectly clear to us, but apparently the disability of the body as a whole is related to a slight limitation which this doctor said plaintiff has in his back. According to this doctor, such a residual disability is expected in any laminectomy because when ligaments
 
 *522
 
 are removed, the anatomical structure of the back is not exactly as it was before. This testimony must be the basis for the trial judge’s award of compensation for loss of a physical function.
 

 Except for a two weeks’ trial period at the suggestion of one of the treating doctors, plaintiff has not worked since the accident. He testified that at the time of the trial he was still suffering pain in his back and legs and as a result was unable to work. The doctors on the other hand, including his own witness, were all in agreement that there were no objective symtoms of pain, though this was about the only fact on which they agreed.
 

 In a workmen’s compensation case as in any other case the plaintiff must prove his case by a preponderance of the evidence. For plaintiff here to be entitled to the relief he seeks, he would have to establish that the injury had substantially decreased his ability to compete in the flexible common labor market, or that the injury had resulted in his having to work in substantial pain. It is evident that the trial judge was of the view that plaintiff had failed to prove his case, for in his reasons for judgment he said: “Considering the evidence, expert and lay, as a whole, I believe plaintiff has failed to sustain his burden of proving total and permanent disability.” The Court of Appeal after reviewing the testimony affirmed the judgment of the trial judge, saying: “We are of the opinion that the record abundantly substantiates the trial judge’s conclusion that the plaintiff is not totally and permanently disabled * *
 

 Under the facts of this case we therefore cannot say that either court erred in denying plaintiff compensation for total and permanent disability.
 

 Plaintiff contends that the cases of Darden v. Henry E. Johnson, Inc., La.App., 145 So.2d 75, and Ray v. City of Monroe, La.App., 147 So.2d 469, support his claim for compensation for total and permanent disability. Those cases are not in point since they are affirmations by Courts of Appeal of awards by trial courts where workers could not resume employment without substantial pain.
 

 For the reasons assigned the judgment of the Court of Appeal is affirmed.
 

 [1]
 

 . The Court of Appeal, however, amended the judgment with reference to certain credits for compensation paid, but that is not an issue in the case.
 

 [2]
 

 . Plaintiff-relator does not contend that his injury produced a partial disability to do work of any reasonable character. It is evident under the facts of this case that an award under this provision of the cornpensation act would be for a lesser amount than the amount awarded him for the loss of a physical function, and this award cannot be changed to relator’s prejudice. Defendant American Marine Corporation has not applied to this court for a writ to review the correctness of the judgments of the lower court and the Court of Appeal.