CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability resulting from a work-connected injury to his left foot. From an adverse judgment, the defendant employer appeals.
The sole issue on appeal is whether plaintiff is disabled beyond the date on which workmen’s compensation was stopped.
On the date of the accident, April 12, 1965, plaintiff was working as a common laborer for defendant on a construction job near Slidell, Louisiana. He was getting a drink of water from a keg on the rear of a truck. Attached to the truck was a trailer on which a heavy air compressor was mounted. The truck suddenly moved forward and the trailer knocked plaintiff to the ground. The wheels of the trailer rolled over plaintiff’s right foot and left leg, between the knee and the ankle. He was taken to a hospital in Slidell, where it was found that he had sustained a fracture of the lower third of the fibula of the left leg and fractures of small bones in the right *570 foot. The bones were set and plaster casts applied to both legs.
The next day plaintiff was transferred to a hospital in Lake Charles, where he was seen initially by his family physician, Dr. Fritz LaCour, a general practitioner. He referred plaintiff to Dr. George P. Schneider, an orthopedic specialist. Dr. Schneider remained the treating physician on the case until the time of the trial, June 16, 1967.
The casts were removed from plaintiffs’ legs on about May 27, 1965 and a regime of physical therapy was instituted at the hospital in Lake Charles. The fractures in the right foot and the lower part of the left leg healed normally, but residuals remained in the left foot, which had been sprained in the accident. Swelling and tenderness developed in this foot on prolonged standing or walking. A contributing factor was plaintiff’s size. He is 24 years of age, six feet six inches tall and weighs approximately 330 pounds.
Finally, in the Fall of 1966, Dr. Schneider recommended plaintiff try to return to light work. Accordingly, plaintiff found a part-time job stacking sacks of rice in a mill, two or three hours a day.
On November 9, 1966, Dr. Schneider reported to the defendant employer that the fractures had healed but there was occasional swelling and soreness in the left foot. He was of the opinion that plaintiff had 10% residual disability which possibly would improve with the passage of time and continued active use. He therefore discharged plaintiff “to continue with his present employment.” The employment referred to was the part-time job in the rice mill. On the basis of this report, workmen’s compensation payments were stopped.
Plaintiff worked at this job in the rice mill for about three weeks but, according to his testimony, his left foot began to swell and hurt within a short time after he started work each day and he had to quit. He then returned to Dr. Schneider and continued under his treatment until the time of the trial. Plaintiff has a wife and four young children and found it necessary to try to work. He worked for Cajun Egg Company, handling crates of eggs, for about three weeks but had to quit this job also because of the swelling and pain in his left foot on prolonged standing. He later obtained employment as a janitor at a small seven-room school in Iowa, Louisiana, where he was working on the date this case was tried. His janitorial duties consisted of sweeping, mopping and waxing floors, emptying trash cans and general clean-up duties. The record shows that this was relatively light work and was not as strenuous as the usual common labor jobs.
Plaintiff was last examined by Dr. Schneider on May 19, 1967, about a month before the trial on June 16, 1967. It was Dr. Schneider’s opinion that plaintiff was still suffering from what he termed “low grade discomfort with long standing.” Dr. Schneider also stated that the swelling and tenderness which developed on prolonged standing or walking would affect his ability to perform common labor type jobs.
On April 6, 1967, plaintiff was examined, at the request of defense counsel, by Dr. Charles V. Hatchette, an orthopedic surgeon of Lake Charles. Dr. Hatchette found “some residual swelling of the left leg”, the left ankle measuring 13)4 inches as compared to the right ankle measurement of 13 inches. Dr. Hatchette opined that the injury to the left foot had been rather mild, i. e., merely a sprain, and that there had been sufficient time for recovery. He recommended that plaintiff return to his usual duties.
There is no dispute as to the applicable law. It is stated by our Supreme Court in the case of Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138 (1964) as follows :
“It is well settled that even though a common laborer is not completely incapacitated, he may nevertheless be considered as totally and permanently disabled within the meaning of the com *571 pensation statute if the injury has substantially decreased his ability to compete with ablebodied workers in the flexible general labor market. (citations omitted) The law does not expect, contemplate, or require that an employee should work in pain in order to earn a living, and where substantial pain results from an injury, the medical estimate of percentage disability will be disregarded and compensation for total disability will be awarded.” (citations omitted)
In the present case a preponderance of the evidence shows that plaintiff suffers “substantial pain” on prolonged standing or weight bearing. Both of the orthopedic specialists found residual swelling of the left ankle. Dr. Hatchette, who examined plaintiff only one time and then at the request of the defendant, was of the opinion plaintiff could return to his usual work. However, Dr. Schneider, the treating physician, whose testimony is entitled to more weight, was of the opinion that the swelling and discomfort upon long standing and weight bearing would affect plaintiff’s ability to work as a common laborer. The lay testimony supports plaintiff’s contention that he attempted to perform light work in three different jobs but could not work satisfactorily because of this swelling and pain on prolonged weight bearing. Undoubtedly, plaintiff’s great size and weight is a contributing factor to the prolonged recovery of his left ankle, but, of course, this is no defense to his claim for compensation benefits.
The trial judge correctly summarized this case as follows:
“The preponderance of the evidence clearly establishes that the plaintiff’s condition causes him pain, which affects his ability to perform work as a common laborer that calls for him to remain on his feet any length of time. Since there is no evidence in the record to establish when, if ever, his condition will improve to the extent that he no longer experiences such pain, under the jurisprudence he is entitled to judgment for the maximum workmen’s compensation benefits for total and permanent disability.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.