BAILES, Judge.
This is an appeal from a judgment of the trial court awarding plaintiff-appellant workmen’s compensation at the rate of $10 per week for a period of 175 weeks. The court a quo found from the evidence that plaintiff had incurred a compensable injury to his right knee with a residual twenty per cent permanent disability to the right *601 leg. The judgment was rendered under the provisions of LSA-R.S. 23:1221(4) (h) and (o).
The facts are that the plaintiff was injured in the course and scope of his employment as a Baton Rouge city patrolman while getting out of a patrol car on February 3, 1966. In the course of the treatment of this injury, the plaintiff was subjected to surgery for the removal of the medial cartilage of the affected member. His injury was restricted entirely to that area of his body. The surgery was performed on March 7, 1966, and on May 16, 1966, plaintiff resumed his duties as a patrolman. Within a few hours after returning to work he resigned his position as a result of a reprimand from the Chief of Police for plaintiff’s failure to timely pay certain debts.
Only the plaintiff has appealed. In this appeal, he urges that the trial court committed error in denying him recovery based on total and permanent disability, plus penalties and attorney’s fees. We find no manifest error, and accordingly, the judgment is affirmed.
Plaintiff claims he is unable to perform the usual and customary duties of a patrolman, that he has a lot of difficulty with his knee and that it “locks” on him. The only locking episode he testified to occurred at his home when he was getting out of the bathtub. He testified it was necessary to call a doctor to administer to him, however, this witness was not called to testify.
The doctor who treated and performed the surgery testified that plaintiff was capable of performing the duties of a patrolman, and that while he may have some pain in his knee and that it might give him some discomfort, it will be minimal.
Plaintiff’s family physician testified that he had on one occasion, shortly before the trial, examined claimant’s knee and that it was his opinion that plaintiff was disabled and that he thought the medial cartilage should be removed. ( He was ignorant of the fact that this cartilage had already been removed.
In a workmen’s compensation case, as in any other case, the plaintiff must prove his case by a preponderance of the evidence. For plaintiff here to be entitled to the relief he seeks, he would have to establish that the knee injury had substantially decreased his ability to perform the usual and customary duties of a patrolman, or that the injury has resulted in his having to work in substantial pain. See Ball v. American Marine Corporation (1963) 245 La. 515, 159 So.2d 138.
It is our conclusion that the plaintiff has not sustained the burden of proving these requisites for an award of total and permanent disability.
Plaintiff cites Knispel v. Gulf States Utilities Co., Inc. (1932) 174 La. 401, 141 So. 9; Yarbrough v. Great American Indemnity Co. (La.App.1935) 159 So. 438; and Newsom v. Caldwell & McCann (La.App.1951) 51 So.2d 393. He contends these cases support his position that he is entitled to be adjudged totally and permanently disabled within the meaning of the Act. Without discussing and distinguishing each of the cited cases we do find that none of them are applicable to the facts of the instant case. Appellant further argues that even though he has only a twenty per cent disability to his right leg, the court would be justified in finding that this should support an award of total and permanent disability, citing the cases of Strother v. Standard Accident Ins. Co. (La.App.1953) 63 So.2d 484; Burkett v. Bituminous Casualty Corp. (La.App.1958) 104 So.2d 234; Watson v. Floyd Electric Co. (La.App.1954) 75 So.2d 361; and Powell v. Travelers Insurance Co. (La.App.1960) 117 So.2d 610. Without burdening this opinion with a discussion of how the cited cases differ from the instant case, we have examined each of these cases and find the holdings not applicable to the instant case.
*602 This brings us to a consideration of ;he claim for penalties and attorney’s fees. The trial court correctly disallowed such assessment. The record is barren of any proof whatever that the defendant was arbitrary, capricious or without probable cause in not paying compensation past the date the plaintiff resigned from the police force for a cause unrelated to his injury.
For the foregoing reasons, the judgment appealed from is affirmed. Appellant to pay the cost of this appeal.
Affirmed.