SAVOY, Judge.
This suit was filed by plaintiff against his employer’s insurer for injuries received to his right middle finger while in the course of his employment. The defendant admitted plaintiff was injured while in the course and scope of his employment, and also stipulated as to the weekly compensation to which plaintiff was entitled. The defense to the suit is that plaintiff has made a complete recovery from the injury, with the exception that he has a 10 to 20 per cent permanent disability to said finger. The trial judge agreed with defendant’s position and dismissed plaintiff’s suit. Plaintiff has appealed to this Court.
Drs. Daniel C. Riordan and Charles V. Hatchette, orthopedic specialists, testified as experts.
Dr. Riordan testified that plaintiff injured his right long finger on February 10, 1966, when he mashed it between pipe. He injured the distal portion of the right long finger. Plaintiff returned to work but complained o'f pain to his finger. Plaintiff is right-handed. Dr. Riordan found an enlargement of the distal joint, and found plaintiff had normal motion of the hand except for the distal joint of the long finger. The doctor found plaintiff sustained a 30 per cent permanent partial loss of function of the right long finger based upon the deformity of the joint and the pain he was experiencing. If the pain persisted the doctor recommended surgery at a later date but not at the time of his examination.
Dr. Hatchette examined plaintiff on behalf of defendant for trial purposes on November 18, 1966. The doctor found plaintiff to be cooperative and mentally alert. He found the distal portion of the long finger of plaintiff’s right hand to be fixed in partial flexion. This amounted to about IS to 20 degrees. The doctor described this as a hammer finger. There was definite swelling about the distal joint of the mid finger. Dr. Hatchette was of the opinion that plaintiff has a 10 per cent residual disability of the long finger of his right hand, and this condition would not improve.
The testimony of the lay witnesses, along with that of plaintiff, was to the effect that plaintiff worked in pain.
In Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138, the Supreme Court of this State said:
“There seems to be no dispute as to the law applicable to the case. It is well settled that even though a common laborer is not completely incapacitated, he may nevertheless be considered as totally and permanently disabled within the meaning of the compensation statute if the injury has substantially decreased his ability to compete with ablebodied workers in the flexible general labor market. * * * The law does not expect, contemplate, or require that an employee should work in pain in order to earn a living, and where substantial pain results from an injury, the medical estimate of percentage disability will be disregarded and compensation for total disability will be awarded. * * (Citations omitted.)
From an examination of the medical and lay testimony, we are of the opinion that plaintiff has to work in such pain as to prevent him from performing his former work, and that he is totally and permanently disabled within the meaning of the Workmen’s Compensation Act.
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff, Dallas Jones, against Aetna Casualty & Surety Company, awarding plaintiff compensation for a period not to exceed *311 400 weeks at the rate of $35.00 per week, commencing February 10, 1966, with interest at the rate of 5% per annum on each weekly installment from due date until paid, subject to credit for all compensation previously paid, and for medical expenses not to exceed the statutory amount allowed under the Workmen’s Compensation Act. The right is reserved to plaintiff to have the trial judge fix the expert medical fees. Defendant to pay costs in both courts.
Reversed and rendered.