WILLIAMS, Judge.
This is an action for workmen’s compensation, penalties and attorneys’ fees. Plaintiff, Terry P. Hayden, seeks to recover total and permanent disability benefits as a result of a hernia suffered while he was employed by defendant. The trial court awarded plaintiff compensation benefits for a period extending from August 4, 1968 *662 through December 13, 1968 during which time the court found plaintiff was totally disabled. The trial court rejected plaintiff’s demands for penalties and attorneys’ fees and he has appealed.
Hayden was a student at Northeast State College in Monroe and in mid-July, 1968 was employed by defendant as a dock worker at a freight terminal in Monroe, Louisiana. On Saturday, August 3, 1968'plaintiff and other dock workers were engaged in unloading large crates weighing over 800 pounds each. Plaintiff testified he had moved 5 such crates with the help of a two-wheel dolly and while moving the sixth crate, experienced a stinging sensation in his side. Shortly thereafter he went home. Hayden worked again on Sunday but prior to leaving for work that day he remarked to his wife that his side was sore. Sunday night he noticed a knot or bulge in his side while bathing. He showed this to his wife and landlord. Upon the latter’s advice plaintiff saw a surgeon who diagnosed a left inguinal hernia. Plaintiff underwent surgery two days later and was discharged from the doctor’s care on December 13, 1968.
No report of this accident was made until after plaintiff was hospitalized when his wife and mother discussed the matter with defendant’s office manager by telephone and at a conference in his office. At this time it was uncertain whether they were seeking insurance or compensation benefits. On trial plaintiff produced two co-workers who in essence testified that plaintiff made some casual remarks to them on the day of the accident indicating that he might have injured himself. A third co-worker testified plaintiff told him Sunday that he might have injured himself on the previous day. The trial court held that plaintiff had borne the burden of proof of establishing an accident had occurred. In this respect we agree. Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App., 3d Cir. 1967); Hayes v. Louisiana Irrigation and Mill Company, 168 So.2d 396 (La.App., 3d Cir. 1964).
Dr. Jack Harold Keeling, surgeon, operated on plaintiff and testified that the operation was entirely successful. However, his examination revealed that the external inguinal ring on the right side was somewhat enlarged and relaxed. Dr. Keeling testified that because of this condition, and if requested to recommend plaintiff for employment as a manual laborer, that he would be obliged to protect the employer and not make the recommendation for such employment. Although the evidence indicates that the condition of the right side is completely unrelated to the accident, plaintiff urges that he is totally and permanently disabled because he cannot compete in the general common - or manual labor market for employment. In support of this contention plaintiff relies on Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138 (1963). Dr. Keeling testified that the tissues in plaintiff’s left side were stronger than they were before the operation. His evaluation is as follows: ’
“This boy might very well go back out' there and work for 20 years at the -same kind of work that he was doing and never have any trouble. I wouldn’t be the least concerned about his left side, the one that has been operated on, and he might never have any trouble with his right side. .1 know of any number of individuals who have the same situation that this boy has on his right groin that have never had difficulty and they do hard manual labor but what I said a while ago still applies that percentage-wise he is more apt to get a hernia than someone who does not have this relaxation of the tissues.” (Tr. p. 61)'
The trial court found that plaintiff was totally disabled from August 4,1968 through December 13, 1968 but that he had completely recovered. We agree with this conclusion and believe plaintiff has not carried the burden of proof that he is totally and permanently disabled.
Mr. Lester L. Futrell, defendant’s terminal manager, testified that he inquired *663 of his supervisory personnel whether or not an accidental injury had been reported by plaintiff. All stated they had no knowledge of any accident occurring on the job. He made no attempt to contact the three persons who testified on plaintiff’s behalf since in his words, they were “casual employees’. He further testified as follows:
“Q What reason — for what reason did you deny this particular claim for workmen’s compensation ?
“A Because I did not have a record of an accident being reported on my dock.”
Formal denial of plaintiff’s claim was made to his attorney by letter dated September 9, 1968 from defendant’s Dallas office. This letter confirmed Mr. Futrell’s position that since the company had no record of any report of the accident, there was no basis for a claim under Louisiana Workmen’s Compensation Law. In its written reasons for judgment the trial judge noted the terminal manager’s “rather obvious lack of interest or concern.” He also makes the following observation:
“Here, defendant’s terminal manager was unquestionably wrong in his apparent conviction that a claim could not be valid if the accident be not reported on the job. Further, his attitude as revealed by both his demeanor on the stand and his testimony left much to be desired and, indeed, was indicative of little or no concern for plaintiff’s rights.” (Tr. p. 24)
The trial judge, nevertheless, refused to allow penalties. In so doing he reasoned that despite the callous attitude of defendant’s terminal manager the' evidence demonstrated that the compensability of plaintiff’s claim was not so certain as to permit the imposition of penalties. Defendant’s refusal to pay was not arbitrary or capricious as defnied by LSA-R.S. 23:1201.2. Plaintiff’s request that attorneys’ fees and penalties be assessed is denied.
For the reasons assigned, the judgment of the trial court is affirmed. Appellant is assessed with costs of this appeal.
Affirmed.