MILLER, Judge.
Willie Deshotels appealed the trial court decision that he was not entitled to any weekly workmen’s compensation. We affirm.
On February 12, 1968 plaintiff slipped and struck his right knee on a concrete beam. He reported to a first aid station and then left the job and sought treatment from his family physician, Dr. Harold J. Sabatier of Jennings. Dr. Sabatier found a swelling over the knee cap that was red, hot, and very tender, and contained fluid. Dr. Sabatier used a local anesthetic and aspirated about five ccs of a bloody, serous fluid from the knee. He then injected a half cc of cortisone and wrapped the knee with an elastic bandage to put pressure over the area.
Dr. Sabatier saw plaintiff again on February 16, 19 and March 11, 1968. On February 16th, he found a remarkable improvement. There was no swelling, no pain and plaintiff walked normally. There was no change on February 19th and plaintiff was then discharged to return to work. Dr. Sabatier’s bill was paid by defendants.
Plaintiff returned to his manual labor as an assistant pipefitter and worked regularly until sometime in May, 1968 when the work force was reduced and he was terminated. Although plaintiff was not a member of the union, he had a union permit to work. Under this status plaintiff expected to be one of the first to be terminated when the work force was. reduced.
Within a week plaintiff obtained similar work on another job with another company and again worked eight hour days five days a week plus overtime. Again plaintiff continued at this union job until the work force was reduced and his job was terminated. This occurred sometime in August, 1968.
Plaintiff then sought employment as a roughneck in the oilfield, but no work was available. He registered for unemployment compensation believing that he could perform ordinary manual labor, but with pain in his right knee.
*438 Although plaintiff denied that he cut and hauled fence posts from September, 1968 to January, 1969 (the trial was in February, 1969) he admitted that he showed his son and a nephew how to perform this work. This testimony reduced plaintiff’s credibility. His credibility was further reduced by his exaggerated limp in the Doctor’s presence which disappeared as he walked out of the waiting room.
Dr. Sabatier and Dr. J. Kenneth Saer, orthopedic surgeon of New Orleans, were firm in their opinion that plaintiff did not have a torn medial meniscus cartilage. They agreed that plaintiff was able to perform hard manual labor.
Dr. C. V. Hatchette, orthopedic surgeon of Lake Charles, examined plaintiff on April 29, June 27, July 12, August 9, 1968 and on February 4, 1969. Dr. Hatch-ette diagnosed a ruptured medial meniscus largely based on plaintiff’s history. Tr. 35. Dr. Hatchette knew that plaintiff was performing his regular work. Tr. 36.
After the trial court handed down written reasons rejecting plaintiff’s claim, plaintiff applied for a new trial and requested the court to appoint an orthopedist for an additional examination. The new trial was granted and the court appointed Dr. William Meuleman, orthopedic surgeon of Lafayette, to examine plaintiff and report his findings to the court. Dr. Meuleman was not furnished any medical reports. He was not informed as to the court’s decision on the merits. He examined plaintiff on October 6, 1969 and concluded that there was no indication of any abnormality to the knee and that plaintiff was not disabled from performing his occupation of assistant pipefitter or other manual labor. Tr. 196.
There is no dispute as to the law. Plaintiff in a workmen’s compensation case, as in other civil cases, must establish his claim by a preponderance of the evidence. Guidry v. Gianfala & Son, Inc., 228 So.2d 347 (La.App.3d Cir. 1969).
Plaintiff relied on the cases of Thomas v. Gates, Inc., 157 So.2d 263 (La.App.3d Cir. 1963) and Lavergne v. Southern Farm Bureau Casualty Insurance Company, 171 So.2d 751 (La.App.3d Cir. 1965). We distinguish these cases. Plaintiff failed to prove this claim by a preponderance of the evidence.
The trial court’s judgment is affirmed at the costs of plaintiff-appellant.
Affirmed.