STOULIG, Judge.
This is a suit brought by plaintiff-appellant, Merlin Ory, seeking to recover additional benefits under the Louisiana Workmen’s Compensation Statute for total and permanent disability arising out of an accident which occurred on the first day of his summertime employment.
Ory, a high school student at the time, was employed by defendant-appellee, Metal Building Products Co., Inc., as a general helper with various duties of a common laborer. He was assisting in lining up an iron beam supported by a chain when the beam suddenly fell, crushing the fourth and fifth fingers,of his left hand, which injury necessitated a transmetacarpal amputation of those fingers and a portion of the hand. Appellant was paid weekly compensation benefits amounting to $1,835 and medical expenses of $615.90. After trial on the merits, the judge found that Ory had sustained a permanent 35-percent partial disability to his left hand, entitling him to an award of $2,362.50, representing the equivalent percentage of the benefits he would have received had he lost the use of the entire hand. After applying a credit of $1,835 previously paid, the judge awarded the balance of $487.50, together with additional medical expenses of $45.
The thrust of the appeal is the allegation that the trial judge erred in finding plaintiff only 35-percent partially disabled, i. e., in refusing to find that amputation of the left fourth and fifth fingers and part of the left palm rendered the right-handed plaintiff unable to perform duties of a helper at a metal plant, or duties of a common or general laborer. To be considered therefore are the criteria of total disability vis-a-vis partial disability.
*339 LSA-R.S. 23:1221(2) provides for benefits for total disability when-the injury causes permanent total disability “to do work of any reasonable character.” As stated by Professor Wex S. Malone in his treatise, Louisiana Workmen’s Compensation Law and Practice, § 272:
“ * * * This language would appear to suggest that a worker is not totally disabled so long as he can still engage in any occupation that will afford him a reasonable livelihood. The term, however, has given our courts considerable difficulty. It has been so enlarged through a process of liberal construction that the meaning suggested above has been obscured. Disability must be regarded today largely as a term of judicial evolution.”
The ambiguous phrase was somewhat avoided in early cases which considered only the injured employee’s ability to work at all.[1] In 1932 the Supreme Court in Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9, announced that work of any reasonable character means “work of the same or similar description that he is accustomed to perform.” The Court thus established the first of several independent criteria which will serve to determine total disability.
The term “similar,” however, has itself been subject to much interpretation and the jurisprudence has clearly established that disability of a skilled laborer and a common laborer are determined by different standards.[2] This court summarized the principle in the case of Carlock v. Gross, 200 So.2d 353, 355 (1967), when it said:
“In wrestling with the vexing issue of ‘work of a reasonable character’ in regard to skilled workmen versus common laborers, a jurisprudential rule had evolved: in the case of the ‘skilled’ workman the test of ability to perform the same or ‘similar’ duties is more rigidly applied and the limits of dissimilarity of duties become more narrow as the extent of skill is increased(Emphasis supplied.)
Of course the logical contrapositive is also true: as the extent of skill is decreased, the limits of dissimilarity broaden. Thus an unskilled worker or helper will not be deemed totally incapacitated when he is unable to return to nearly the same duties when it appears he is able to adequately function in another, though dissimilar, area of the common or general labor market. Circumstances that may be disabling in certain specific jobs may be irrelevant to others.
A second criterion utilized by the courts in determining total disability of the common laborer is whether he is substantially handicapped in competing with able-bodied workers in the flexible market for common labor.[3] This is a factual matter requiring a determination based on the individual circumstances of each case. Regarding these criteria Professor Malone concludes:
“It matters little which approach is employed, for both emphasize that more latitude is needed in dealing with disability for the common laborer, and both indicate a recognition of the diversified character of the common labor market which must be taken into consideration.”
A third criterion often applied in determining total disability is whether continued performance of prior duties or subsequent duties would cause the worker to suffer *340 great pain.[4]. This principle is applied in two of the cases which appellant cites in support of his appeal,[5] and furthermore operates as the factor which clearly distinguishes those cases from the instant one. It is emphasized in the cases applying this principle that the pain experienced must be substantial pain.[6]
The compensation act does not provide specifically for alterations in the general burden of proof that must be borne by the plaintiff in civil actions. However, the act does state:
“ * * * The court shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence, and all compensation payments provided for in this Chapter, shall mean and be defined to be for only such injuries as are proven by competent evidence, or which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The court shall decide the merits of the controversy as equitably, summarily and simply as may be.” LSA-R.S. 23:1317.
Obviously, the plaintiff must carry the burden of proof which varies substantially with the circumstances of each case. Here it should be emphasized that for total disability compensation, total disability under any of the various criteria must be shown in fact. Because the act provides for specific injuries, the mere demonstration of the loss of a member or other grievous injury will not achieve ipso facto a total disability award.[7] Total disability must be proven in fact.[8]
Applying the law to the record, we conclude that appellant has failed to carry the burden of proof. At the time of the accident, appellant was an unskilled laborer, performing in the general labor market. The functional disability assigned by the four medical experts ranged between 20 and 35 percent, and the trial court applied the highest figure. While the medical expert testimony indicated general agreement that plaintiff had lost some of the ability to grip, there was no conclusive testimony by any witness that appellant could not return to his former employment or perform other general duties of diversified common labor.
The record is void of any showing that appellant is substantially handicapped in competing in the flexible market for common labor. Mr. Ory testified that he had not attempted to work at any place that requires physical labor. Rather upon completion of high school, still having no particular skills, he was employed by a bank to be trained in the operation of computers. Thus Mr. Ory did successfully reenter the flexible general labor market, actually at a position more commensurate with his education. The fact that after training Mr. Ory may now be called a skilled or semi-skilled worker does not negate the fact that he was able to find employment while still unskilled.
*341 Finally, the testimony adduced indicates that appellant experiences very little residual pain. The doctors characterized Mr. Ory’s condition variously as “not particu-lary tender,” with “minimal pain and symptoms,” and that hitting the stub would cause him no more pain than hitting the end of one’s finger.
Failing to carry the burden of proof under any of the above or other reasonable criteria, appellant cannot be deemed totally disabled. For the foregoing reasons the trial court’s finding that appellant is 35-percent partially disabled is affirmed.
Affirmed.

. Plumlee v. Calcasieu Sulphate Paper Co., 16 La.App. 670, 132 So. 811 (La.App. 1st Cir. 1931); Burrows v. Arizola Petroleum Co., 7 La.App. 704 (2d Cir. 1928).

. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1 (1953); Wright v. National Surety Corporation, 221 La. 486, 59 So.2d 695 (1952); Anderson v. Rowan Drilling Co., 150 So.2d 828 (La.App.3d Cir. 1963).

. Gavin v. Gervais F. Favrot Co., 144 So.2d 723 (La.App. 4th Cir. 1962); Lathers v. Schuylkill Products Co., 111 So.2d 530 (La.App. 1st Cir. 1959).

. Federick v. National Surety Corporation, 149 So.2d 436 (La.App. 3d Cir. 1963); Darden v. Henry E. Johnson, Inc., 145 So.2d 75 (La.App. 4th Cir. 1962); Wilson v. Fogarty Brothers Transfer Company, 126 So.2d 6 (La.App. 4th Cir. 1961).

. Lavergne v. Southern Farm Bureau Casualty Ins. Co., 171 So.2d 751 (La.App. 3d Cir. 1965); Thomas v. Gates, Inc., 157 So.2d 263 (La.App. 3d Cir. 1963).

. Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138 (1963); Glidden v. Alexandria Concrete Company, 242 La. 625, 137 So.2d 894 (1962); Heed v. Calcasieu Paper Company, Inc., 233 La. 747, 98 So.2d 175 (1957); Jackson v. Bituminous Casualty Corp., 153 So.2d 585 (La.App. 4th Cir. 1963).

. Papillion v. Employers Liability Assurance Corp., 146 So.2d 448 (La.App. 3d Cir. 1962); Jackson v. Steel Fabricators, Inc., 90 So.2d 397 (La.App.Orl. 1956); Pourciau v. Board of Commissioners of Port of New Orleans, 12 So.2d 36 (La.App.Orl.1943).

. Malone, Louisiana Workmen’s Compensation Law and Practice, § 275.