REDMANN, Judge.
Plaintiff, a job-injured common laborer, appeals from an award of workmen’s compensation for 15% loss of function of an arm, claiming the award should be for permanent and total disability.
*253 Plaintiff’s argument is that, despite his current employment, he is entitled as a common laborer to maximum compensation because his “injury has substantially decreased his ability to compete with able-bodied workers in the flexible general labor market”, Ball v. American Marine Corp., 245 La. 515, 159 So.2d 138, 139, (1963). We conclude that plaintiff has not borne his burden of proving substantial competitive disadvantage.
Plaintiff’s disability, the result of a forearm fracture, is described by defendant’s expert as lack of the terminal 15 to 20° (of 90) in both pronation and supination [1] of his left hand (he is right-handed), and 15° (of 75) of dorsiflexion of the left wrist. Defendant’s expert estimated residual disability at 15% of the arm. Plaintiff’s expert estimated it at 10% of the arm (and 5% of the whole body).
While his arm was still in a cast, plaintiff returned to work for defendant employer. Some four or five months later a reduction in force laid him off. At that time, he testified, the state employment office declined to recommend him for “one or two jobs” because of his “recent broken arm.” (There was no showing that a long-healed broken arm would have disqualified him.) He did shortly find a better-paying job which he still held at trial time.
Testimony of his present supervisor is that plaintiff has done everything requested without complaint or apparent favoring of his injured arm; he is a good worker, and the supervisor was previously unaware that he had any disability.
Plaintiff testified that, as is consistent with the medical testimony, he had difficulty in picking up large, flat items that required his palm to be turned completely up. His prior employment did involve such lifting. No further disability to do common labor was claimed nor was any proved by the evidence.
The disability shown does not warrant a conclusion that plaintiff’s employability as a common laborer has been “substantially” affected.
The judgment is affirmed.
Affirmed.

. Plaintiff’s expert found an 80° loss of supination. Defendant’s expert found, on a second examination, that voluntary supination was so limited, but that passively supination could be effected with only a 15 to 20° loss.