REDMANN, Judge.
Defendants, an employer and its insurer, appeal from an award of workmen’s compensation benefits for total and permanent disability (subject to credit for benefits paid).
Defendants argue that, since plaintiff laborer’s job duties were only light labor, he is not totally and permanently disabled because he is in fact able to return to light labor.
Plaintiff’s disability is described as a loss of function of both legs, estimated at from 5% to 20%, due to second- and third-degree burns over 20% to 35% of his whole body, with resulting immobility especially from skin grafts, perhaps worsened by a pre-existent but not disabling arthritis. The medical testimony is fairly unanimous that plaintiff could do some kind of light labor, perhaps most of his prior duties, but he could not perform heavy labor nor tasks requiring climbing or much agility on his legs.
In our judgment, the test is whether his “injury has substantially decreased his ability to compete with ablebodied workers in the flexible general labor market”, Ball v. American Marine Corp., 245 La. 515,159 So.2d 138 (1963).
While defendant employer had reduced plaintiff’s work burden from heavier to lighter labor because of his age (64 years) prior to this accident, there is testimony that defendant itself would not reemploy plaintiff in his. present condition. Defendant thus proves plaintiff’s competitive disadvantage and supports his entitlement under Ball, supra,
We recognize that the period of 500 weeks of compensation may be longer than the work-life expectancy of a 64-year-old. On the other hand, it is shorter than that of a 30-year-old. The statute may provide too much for a man disabled on the eve of his retirement, and too little for a man disabled while quite young. We view this as a legislative problem. We could not reduce the award to the older man, just as we could not increase the award to the younger man.
The judgment is affirmed.