LEMMON, Judge.
The sole issue in this workmen’s compensation case is whether the evidence sup *726 ports the trial judge’s finding of total and permanent disability.
While working as a laborer, plaintiff sustained a back injury on April 27, 1972. He received diathermy treatment and medication through the month of May at the St. Bernard Medical Clinic, where his injury was diagnosed as a contusion of the lumbosacral spine. •
On June 13, 1972 plaintiff consulted Dr. Kenneth Vogel, a neurosurgeon, who preliminarily diagnosed a herniated lumbar disc, based on findings of moderate limitation of motion, moderate bilateral paraspi-nous muscle spasm, mild scoliosis, positive straight leg raising test, and hyperesthesia of the lateral foot to pin prick bilaterally.
At defendants’ request plaintiff was examined in July by an orthopedist, who “found no objective evidence of impairment from recent injury” and pronounced him fit for labor, and by a neurosurgeon, whose examination disclosed no “basis for symptoms or a neurological disability ífc »
In August, 1972 plaintiff returned to Dr. Vogel, exhibiting the same symptoms and complaints. Plaintiff stated he had been unable to obtain physiotherapy at his home in Mississippi, but had maintained complete bed rest as instructed.
In October, 1972 plaintiff obtained employment with an electrical contractor, performing such duties as working behind a trenching machine with' a shovel or ax, keeping the trench open for laying electrical wire; pouring concrete; assisting in building forms; and assisting welders and iron workers. He occasionally did heavy lifting, but testified at trial that his back hurt when he lifted heavy objects and that he performed this work because of economic necessity. Company records indicated he missed one day or more of work almost every week.
On November 9, 1972 Dr. Vogel found plaintiff’s condition unchanged, except for possible early atrophy. At that visit the doctor recorded plaintiff’s statement of his ability to perform only light work.
In February, 1973'plaintiff left his employment, apparently because of a dispute over wages.
Also in February, because plaintiff had not responded to therapy and conservative treatment, Dr. Vogel performed a myelo-gram, which revealed a defect at the L 4-5 level interpreted by Dr. Vogel as being consistent with a herniated disc. The doctor recommended surgery, but plaintiff declined because of fear and of financial inability.
Dr. Vogel classified plaintiff as unable to perform heavy labor without substantial pain at the time, in the untreated condition, but was optimistic about plaintiff’s ability to satisfactorily return to employment after surgery, depending on the results of the operation.
Plaintiff had no further medical consultations or examinations. He also had no further employment until just before trial in December, 1973, when he worked for one week for a general contractor, performing work mostly as a carpenter’s helper in building foundation forms. Between his two post-injury jobs, plaintiff had sought employment through his union hall, but stated only heavy work was available.
On appeal defendants principally argue plaintiff was not disabled from working as a laborer because he was actually working in that capacity just prior to trial and had done so for a substantial period of time after the accident until he voluntarily terminated his .employment. On the other hand, plaintiff contends he worked in pain because he needed to support his family, but that he has proved disability and need for surgery which he cannot afford.
First, we conclude plaintiff proved he had sustained a herniated disc. While several expert medical officers, including a neurosurgeon appointed by the court, stated they would not recommend a myelo-graphic study at the time of their examina *727 tions, the myelogram was performed and was confirmed as positive by the neurosurgeon who oversaw the test. All doctors agreed, furthermore, that a positive myelo-gram, if correctly interpreted, would confirm a ruptured disc. Since none of the other doctors thereafter .studied the X-rays and test results, Dr. Vogel’s opinion as to a positive result was uncontradicted.
We therefore find as a fact that plaintiff sustained a herniated disc as a result of his industrial accident.
We now consider the issue as to whether the herniated disc rendered plaintiff disabled from performing work as a laborer.
The test as to a laborer’s disability is whether his injury is such as to substantially handicap him in competing with others in the flexible common labor market. Ball v. American Marine Corp., 245 La. 515, 159 So.2d 138 (1963).
Loss of earning capacity is the eventual touchstone of all legal definitions of disability. Malone, Louisiana Workmen’s Compensation Law and Practice, § 272 (1964 p.p.) Post-injury earnings, although a factor indicative of earning capacity, do not necessarily reflect a claimant’s true ability to maintain gainful employment with reasonable continuity.
The compensation law recognizes that employment at common labor is often transitory, that post-injury earnings of a person not yet recovered from the injury are often temporary and unpredictable, and that an injured laborer should not be penalized for laboring in pain with an unhealed physical impairment because of economic necessity. Furthermore, an unhealed condition can lead employers to refuse employment when such a laborer competes for jobs with able-bodied workers. Thus, a disability determination depends not only on the actual wages earned by the claimant after the injury, but also on an evaluation of the effect of his physical condition on his continued ability to earn regular wages on the open labor market under normal conditions.
In the present case Dr. Vogel testified that some persons with herniated discs are able to perform heavy labor, depending upon their tolerance to pain, but that the length of such a person’s capacity to work in an untreated condition is speculative. He stated further that he did not expect plaintiff’s condition to improve without the recommended surgery.
After reviewing all of the medical evidence and considering plaintiff’s work record, we cannot say the trial judge erred in finding plaintiff totally and permanently disabled. Although the record could also support a contrary conclusion, there was credible evidence that plaintiff’s herniated disc caused him to work in pain and placed him at a substantial disadvantage in competing for employment in the labor market.
In view of the substantial conflict in medical opinion and of the post-injury earnings, the trial judge properly denied plaintiff’s demand for penalties and attorney’s fees, reurged by answer to the appeal.
The judgment is affirmed.
Affirmed.
STOULIG, J., concurs and assigns reasons.